IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                                        ORDER

              Plaintiff,

                                   09-cv-362-slc[1]

     v.

DANE COUNTY MENTAL HEALTH,
KATHLEEN FALK, KIM NESTLER,
LIANE NAKAMURA, RICHELLE ANHALT,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is the second of six lawsuits that plaintiff Rodney Moore, a Wisconsin prisoner, filed in this court in June 2009. In a previous order, dkt. #5, the magistrate judge concluded that plaintiff has no means to make an initial partial payment. 28 U.S.C. § 1915(b)(4).

      In this case, plaintiff contends that he was denied proper antipsychotic medication during his criminal proceedings in 2005. (Plaintiff includes a few other stray allegations as

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

well, but none of them are coherent enough to permit screening of them under 28 U.S.C. § 1915.) The thrust of plaintiff's claim seems to be that the improper medication denied him a "fair trial." As I have informed plaintiff in his other cases, a challenge to his conviction may not be raised in the context of a civil lawsuit under 42 U.S.C. § 1983. Plaintiff may mean to raise a claim that it was a violation of the Eighth Amendment to deny him proper medication, even if the effect on his trial is not considered. If that is what plaintiff means to contend, he has failed to state a claim upon which relief may be granted.

Plaintiff alleges only that he received the "wrong" medication, but that is not enough to state a claim under the Eighth Amendment. To prevail on such a claim, plaintiff would have to show that defendants *knew* that their actions would have serious health consequences for plaintiff or that their treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) (internal quotations omitted). Although plaintiff says he "believe[s]" that defendants withheld his medication intentionally, his unsupported belief is not enough to satisfy Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009)(conclusory factual allegations may not be accepted by court).

Plaintiff alleges that he told defendant Kim Nestler, a doctor, "what [his] medication was," that defendant Liane Nakamura "made comments she could not find [plaintiff's]

2

records why [he] was on Zoloft" and "falsified records," that defendant Richelle Anhalt "overlooked" the falsified records and the Kathleen Falk is the "boss" of the other defendants. None of these allegations would allow "the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1950.

I will give plaintiff one more opportunity to submit a complaint that complies with Rule 8. In his proposed amended complaint, he should answer the following questions:

- what positions did each of the defendants hold at the time relevant to his complaint?

- what medications did plaintiff have a prescription for?

- what medication did plaintiff receive while he was in Dane County custody, if any?

- what was each defendant's involvement in determining the medications that plaintiff would receive?

- what did each defendant know about plaintiff's need for particular medication?

- what reasons did any of the defendants give plaintiff for failing to provide him with the medications he requested?

- what is the basis for plaintiff's belief that defendants withheld his medications

3

    deliberately?

- what effect did the absence of proper medication have on plaintiff's health?

## ORDER

IT IS ORDERED that

1.  The complaint is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2.  Plaintiff may have until August 3, 2009, to submit a proposed amended complaint that complies with Fed. R. Civ. P. 8.  If plaintiff does not respond by that date, the clerk of court is directed to close the case.

Entered this 20th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge